## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BENJAMIN ALVARADO,**

                    *Plaintiff,*

**vs.**                             **CASE NO. _____**

**FEATURED MEDIATION, LLC**
**(a New York company)**

**and**

**RICHARD C. CORICA**
**(an individual),**

                    *Defendants.*

_____/

## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

**PARTIES**

3.      Plaintiff, Benjamin Alvarado ("Plaintiff") is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4.      Defendant, Featured Mediation, LLC ("FEATURED MEDIATION") is a foreign business corporation organized and existing under the laws of the State of New York with its principal place of business and corporate offices in Erie County, New York. FEATURED MEDIATION regularly conducts business in the State of Florida including the Middle District of Florida.

5.      FEATURED MEDIATION regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      FEATURED MEDIATION regularly collects or attempts to collect debts for other parties.

7.      FEATURED MEDIATION is a "debt collector" as that term is defined in the FDCPA and FCCPA.

8.      FEATURED MEDIATION was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9.      Defendant, Richard C. Corica ("CORICA"), is a natural person residing in Lockport, New York. CORICA personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

10.     CORICA is the owner, operator, and / or manager of Featured Mediation.

11.     CORICA regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12.     CORICA regularly, directly or indirectly, collects or attempts to collect debts for other parties.

13.     CORICA is a "debt collector" as that term is defined in the FDCPA and FCCPA.

14.     CORICA was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

15.     FEATURED MEDIATION sought to collect from Plaintiff a debt that if incurred at all was incurred primarily for personal, family, or household purposes. Specifically, FEATURED MEDIATION attempted to collect from Plaintiff a debt allegedly incurred to E Payday Loan on September 1, 2009. Hereinafter referred to as the "alleged debt."

16.     E Payday Loan offers online, high-fee loans.

17.     Upon information and belief, the loans offered by E Payday Loans are deferred presentment transactions as defined by Florida Statute § 560.402(3), which are commonly known as payday loans.

18.     If the loans offered by E Payday Loan are deferred presentment transactions, they are void pursuant to Florida Statue § 560.125(1) as E Payday Loan is not authorized to conduct deferred presentment transactions in the State of Florida.

19.     Florida Statute § 560.125(1) states:

> A person may not engage in the business of a money services business or deferred presentment provider in this state unless the person is licensed or exempted from licensure under this chapter. A deferred presentment transaction conducted by a person not authorized to conduct such transaction under this

chapter is void, and the unauthorized person has no right to collect, receive, or retain any principal, interest, or charges relating to such transaction.

20.    Upon information and belief, the loans offered by E Payday Loan have interest rates in excess of 700% per annum.

21.    Florida law makes it a felony of the third degree to extend credit to any person with an interest rate exceeding 45% per annum.  Fla. Stat. § 687.071(3).

22.    Pursuant to Florida Statute § 687.071(7), "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."

23.    Sometime after Plaintiff allegedly incurred the debt on September 1, 2009, FEATURED MEDIATION purportedly purchased the alleged debt.

24.    On or about February 2015, FEATURED MEDIATION began contacting Plaintiff in attempt to collect the alleged debt.

25.    FEATURED MEDIATION attempted to collect the alleged debt, therefore, FEATURED MEDIATION attempted to collect an illegitimate debt from Plaintiff.

26.    Upon information and belief, FEATURED MEDIATION knew the debt was not legitimate.

27.    On or about February 2, 2015, FEATURED MEDIATION began using an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

28.    FEATURED MEDIATION left the following pre-recorded messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

February 2, 2015 at 5:45 PM
Hello I am trying to contact Benjamin Alvarado we have left several messages, and have not received a call-back. This is the office of Featured Mediation. It is important that we speak to you, or your authorized representative attorney, if you have retained one regarding file number: 568138. Our toll-free number is 1-844-587-1475.  Again our toll-free number is 1-844-587-1475. Please return this call today.

February 17, 2015 at 3:26 PM
Hello I am trying to contact Benjamin Alvarado we have left several messages, and have not received a call-back. This is the office of Featured Mediation. It is important that we speak to you, or your authorized representative attorney, if you have retained one regarding file number: 568138. Our toll-free number is 1-844-587-1475.  Again our toll-free number is 1-844-587-1475. Please return this call today.

February 20, 2015 at 2:01 PM
Hello this message is for Benjamin Alvarado from the offices of Featured Mediation. We are calling on a returned item from your bank that requires your immediate attention. It would be in your interest to have yourself, or consult contact our office, and discuss a voluntary resolution of this matter. You may call us at 844-587-1475 and when calling please refer to file number 568138. Please be advised that this is not a solicitation, and we will be expecting a response promptly. Thank you.

29.     FEATURED MEDIATION left similar or identical messages on other occasions. (Collectively, "the telephone messages").

30.     The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).  *See* Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

31.     FEATURED MEDIATION failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of FEATURED MEDIATION's messages.

32.     The February 20, 2015 telephone message described above in paragraph 28 was designed by FEATURED MEDIATION to create a false sense of urgency.

33.     The February 20, 2015 telephone message described above in paragraph 28 is likely to mislead the least-sophisticated consumer to believe that legal action against the consumer is imminent if the consumer did not immediately pay the debt when it was not.

34.     The February 20, 2015 telephone message described above in paragraph 28 is likely to mislead the least-sophisticated consumer to believe the debt is legally enforceable.

35.     Section 559.553 of the FCCPA requires all consumer collection agencies to first register with the Florida Office of Financial Regulation before attempting to collect a debt.

36.     Section 559.785 of the FCCPA makes it a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

37.     FEATURED MEDIATION was attempting to collect a debt from Plaintiff and was required to register with the Florida Office of Financial Regulation.

38.     At the time FEATURED MEDIATION contacted Plaintiff FEATURED MEDIATION was not registered with the Florida Office of Financial Regulation as a consumer collection agency.

39.     Even if the debt was otherwise valid, FEATURED MEDIATION could not legally sue Plaintiff to collect the debt without first registering with the Florida Office

of Financial Regulation.  *See* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

40.    Upon information and belief, FEATURED MEDIATION never intended to take any legal action against Plaintiff.

41.    Upon information and belief, FEATURED MEDIATION has never taken legal action against a consumer to collect an alleged debt.

42.    Upon information and belief, FEATURED MEDIATION knew it did not have the legal right to take any legal action against Plaintiff.

43.    On or about April 1, 2015, Plaintiff contacted FEATURED MEDIATION at 844-587-1475 to determine what the telephone messages were in regards to.

44.    Thereafter, FEATURED MEDIATION emailed Plaintiff the document attached hereto as "Exhibit A."

45.    Exhibit A is the only written notice FEATURED MEDIATION has provided to Plaintiff.

46.    Under 15 U.S.C. § 1692g(a) within five days of the initial communication Defendant was required to provide Plaintiff with a written notice containing—

> (1)  the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47.     Exhibit A does not contain the notice required by 15 U.S.C. § 1692g(a).

48.     Exhibit A states, in relevant part, "[U]pon clearance of funds from your payment(s), we will also delete the account listing from your credit bureau reports."

49.     FEATURED MEDIATION never reported the alleged debt to credit report bureaus.

50.     Therefore, Exhibit A falsely implies a benefit to paying the debt that does not exist.

51.     FEATURED MEDIATION used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

52.     None of FEATURED MEDIATION's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

53.     FEATURED MEDIATION's actions were willful.

54.     Upon information and belief, CORICA controls and directs the collection practices of FEATURED MEDIATION and its employees, including, but not limited to, the placement and content of its telephone messages; whether it collects in states where it is required to be licensed but is not; whether it purchases illegally payday loan debts; and whether it complies with the FDCPA's notice of debt verification requirements.

55.     Any reference hereinafter to "Defendant" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

<u>COUNT I</u>
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)**

56.     Plaintiff incorporates Paragraphs 1 through 14, 15, 27 through 31, and 53 through 55 above as if fully set forth herein.

57.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its purpose in the telephone messages in violation of 15 U.S.C §1692d(6).  *See* <u>Valencia v The Affiliated Group, Inc.</u>, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

<u>COUNT II</u>
**FALSE REPRESENTATION OF DEBT
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)**

58.     Plaintiff incorporates Paragraphs 1 through 14, 15 through 26, 33 through 39, and 53 through 55 above as if fully set forth herein.

59.     Defendant falsely represented the character or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT III
### THREAT TO TAKE ACTION THAT CANNOT BE TAKEN LEGALLY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

60.    Plaintiff incorporates Paragraphs 1 through 14, 15 through 23, 33, 34, 39, 42, and 53 through 55 above as if fully set forth herein.

61.    Defendant threatened to take an action that it could not legally take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT IV
### THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

62.    Plaintiff incorporates Paragraphs 1 through 14, 15, 33, 40 through 42, and 53 through 55 above as if fully set forth herein.

63.    Defendant threatened to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.  Damages;

     b.  Attorney's fees, litigation expenses and costs of suit; and

     c.  Such other or further relief as the Court deems proper.

**COUNT V**
**FALSE OR DECEPTIVE MEANS**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

64.    Plaintiff incorporates Paragraphs 1 through 14, 15 through 42, 48 through 50, and 53 through 55 as if fully set forth herein.

65.    Defendant used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.  Damages;

     b.  Attorney's fees, litigation expenses and costs of suit; and

     c.  Such other or further relief as the Court deems proper.

**COUNT VI**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**
**IN VIOLATION OF 15 U.S.C. § 1692e(11)**

66.    Plaintiff incorporates Paragraphs 1 through 14, 15, 27 through 31, and 53 through 55 above as if fully set forth herein.

67.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F.

Supp. 2d 643, 646 (S.D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT VII
### FAILURE TO SEND WRITTEN NOTICE
### IN VIOLATION OF 15 U.S.C. § 1692g(A)

68.    Plaintiff incorporates Paragraphs 1 through 14, 15, 27 through 30, 43 through 47, and 53 through 55 above as if fully set forth herein.

69.    Defendant failed to send Plaintiff the written notice required by 15 U.S.C. §1692g(A) within five (5) days of the initial communication in violation of 15 U.S.C. §1692g(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT IX
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

70.     Plaintiff incorporates Paragraphs 1 through 55 above as if fully set forth herein.

71.     Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT X
## ENFORCING ILLEGITIMATE DEBT
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

72.     Plaintiff incorporates Paragraphs 1 through 14, 15 through 28, 44, and 53 through 55 above as if fully set forth herein.

73.     Defendant attempted and threatened to enforce a debt Defendant knew was not legitimate in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT XI**
**ASSERTION OF LEGAL RIGHT KNOWN NOT TO EXIST**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)**

74.    Plaintiff incorporates Paragraphs 1 through 14, 15 through 26, 28, 33, 35, 39, 42, and 53 through 55 above as if fully set forth herein.

75.    Defendant asserted the existence of a legal right when Defendant knew the right did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

**COUNT XII**
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR**
**TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

76.    Plaintiff incorporates Paragraphs 1 through 14, 27 through 29, and 51 through 55 above as if fully set forth herein.

77.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  A declaration that Defendant's debt collection practices violate the TCPA;

c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> */s/ James S. Giardina*
> [ X ] James S. Giardina – Trial Counsel
> Fla. Bar No. 0942421
> [   ] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> **The Consumer Rights Law Group, PLLC**
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> ***Counsel for Plaintiff***