# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BENJAMIN ALVARADO,

    Plaintiff,

v.                                          Case No: 8:16-cv-3259-T-30JSS

FEATURED MEDIATION, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment (Doc. 13). The Court will grant the default judgment as described herein.

## BACKGROUND

On November 23, 2016, Plaintiff Benjamin Alvarado filed his Complaint (Doc. 1) against Defendant Featured Mediation, LLC, initiating this action. Defendant collects debts for other parties. Plaintiff alleged that Defendant attempted to collect an unlawful debt from him using unlawful means, thereby violating the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA").

Defendant was served with the Complaint on December 21, 2016, but did not respond. Accordingly, on March 22, 2017, Plaintiff sought an entry of default against Defendant. The Court entered the default on March 23, 2017. Plaintiff now seeks a default judgment awarding him statutory damages, reasonable attorney's fees, and costs.

**DISCUSSION**

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

**I. TCPA**

The TCPA makes it unlawful to place non-emergency telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice without first obtaining the recipient's express consent. 47 U.S.C. § 227(b)(1)(A)(iii). It is the caller's burden to prove that it had prior express consent to place the calls. FCC Declaratory Ruling, FCC 07-232, ¶ 10 (Dec. 28, 2007). The TCPA provides for statutory damages of $500 per violation of the statute. 47 U.S.C. § 227(b)(3)(B).

Plaintiff's well-pleaded allegations—which Defendant has admitted due to its default—demonstrate that Defendant placed three, non-emergency calls to Plaintiff in an effort to collect on his debt. (Doc. 1 ¶¶ 28, 52.) Defendant made these calls using an

automatic telephone dialing system and left voicemails using a prerecorded voice. (*Id.* ¶¶ 27-28.) Given that Defendant defaulted, it has not proven that it had Plaintiff's prior express consent to place these calls. Therefore, Defendant is liable for three violations of the TCPA and $1,500 in statutory damages.

Plaintiff argues that the Court should exercise its discretion to increase Plaintiff's TCPA damages from $500 per violation to $1,500 per violation. A court may award treble damages when a defendant willfully or knowingly violated the TCPA. 47 U.S.C. § 227(b)(3)(C). Plaintiff's Complaint does not include factual allegations sufficient for the Court to find that Defendant willfully or knowingly violated the TCPA. Accordingly, the Court will not award more than $500 per TCPA violation.

**II.    FDCPA**

The FDCPA prohibits abusive, deceptive, and unfair practices by debt collectors. *See* 15 U.S.C. § 1692. The FDCPA has a one-year statute of limitations. 15 U.S.C. § 1692k(d). The claim accrues on the date the violation occurred. *Id.*

Plaintiff argues that Defendant violated several provisions of the FDCPA when it left him three voicemails in February 2015 and emailed him a letter on April 1, 2015. (Doc. 1 ¶¶ 28, 44; Doc 1-2.) Although these alleged FDCPA violations occurred in spring of 2015, Plaintiff did not file suit until November 2016. Because it is "apparent from the face of the [C]omplaint" that Plaintiff's FDCPA claim is time-barred, the Court must dismiss this claim. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).

3

## III. FCCPA

The FCCPA is modeled after the FDCPA and prohibits similar conduct by debt collectors. It, however, has a two-year statute of limitations. Fla. Stat. § 559.77(4). Among other things, the FCCPA prohibits debt collectors from attempting to enforce a debt that they know is illegitimate or asserting the existence of a legal right that they know does not exist. Fla. Stat. § 559.72(9).

Plaintiff's Complaint establishes that Defendant violated this provision of the FCCPA. Plaintiff took out a payday loan in 2009, which was unenforceable under Florida state law. (Doc. 1 ¶¶ 15-22.) On or around February 2015, Defendant took over the collection of Plaintiff's debt. (*Id*. ¶¶ 23-24.) Even though Defendant knew that Plaintiff's debt was illegitimate, it left Plaintiff three voicemails in an attempt to collect the debt. (*Id*. ¶¶ 24-28.)

The FCCPA provides for actual damages, additional statutory damages "as the court may allow" of up to $1,000, reasonable attorney's fees, and costs. Fla. Stat. § 559.77(2). In this case, Plaintiff has not alleged that he suffered any actual damages due to Defendant's violations or even that he was inconvenienced. In addition, Defendant left Plaintiff only three voicemails, and Defendant will already have to pay Plaintiff $1,500 in damages for these same voicemails under the TCPA. Accordingly, the Court will not award Plaintiff additional statutory damages for the FCCPA violations.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment (Doc. 13) is granted.

2. Plaintiff is entitled to damages of $1,500.00 for violations of the TCPA, as well as reasonable attorney's fees and costs.

3. Plaintiff shall file documentation in support of his request for attorney's fees and costs within fourteen (14) days of this Order.

4. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $1,500.00, which shall accrue post-judgment interest at the legal rate until paid in full.

5. The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on May 1st, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record