# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BENJAMIN ALVARADO,

    Plaintiff,

v.                                                    Case No: 8:16-cv-3259-T-30JSS

FEATURED MEDIATION, LLC,

    Defendant.
_____

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 17) and Proposed Bill of Costs (Doc. 18). Defendant has failed to respond to Plaintiff's motion within the allowed timeframe. Upon review, the Court concludes that Plaintiff's motion should be granted in part.

Plaintiff filed this action in November 2016, alleging that Defendant utilized debt collection practices that violated the Fair Debt Collection Practices Act ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"). On May 2, 2017, the Court entered a final default judgment against Defendant for violations of the FCCPA and TCPA. It ordered Defendant to pay $1,500 in damages to Plaintiff. Plaintiff now seeks an award of his attorneys' fees and costs.

## I. Reasonable Attorneys' Fees

Calculating an appropriate fee award under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* The court may then adjust the lodestar upward or downward based on an evaluation of additional factors. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered).[1]

The Eleventh Circuit has recognized that, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. The applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked. *Hensley*, 461 U.S. at 433.

---

[1] The twelve factors to be considered in determining the reasonableness of attorneys' fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Plaintiff seeks an award of fees for the services provided by attorneys James S. Giardina and Kimberly S. Wochholz in this case. In support of his request for fees, Plaintiff filed the declarations of both attorneys and an itemized log of the hours they billed. According to Plaintiff's records, Mr. Giardina worked 4.6 hours at a rate of $350 per hour and Ms. Wochholz worked 17.1 hours at a rate of $250 per hour. Their combined fees totaled $5,885.

*Reasonable Hours Worked*

Only 11.4 of the 21.7 hours requested by Plaintiff are reasonable. The other 10.3 hours were billed on a related case—case # 8:16-cv-00248-RAL-AEP. That case involved the same parties and same claims but was dismissed after Plaintiff failed to perfect service. Plaintiff contends that reducing fees for the time spent on case # 8:16-cv-00248-RAL-AEP would reward Defendant for avoiding service, but he has not submitted a declaration or any other evidence from which the Court can determine whether Defendant was in fact avoiding service. Moreover, Plaintiff has not cited to any authority to indicate that the Court can award fees incurred in a different case, one in which he did not prevail. Accordingly, the Court will not award fees for the time spent on case # 8:16-cv-00248-RAL-AEP.

*Reasonable Hourly Rate*

The Court finds that the requested hourly rates are reasonable based on Mr. Giardina's and Ms. Wochholz's experience and the current market rates in Tampa. Mr. Giardina is the managing partner of Consumer Rights Law Group, PLLC and has litigated debt collection cases since 2005. Ms. Wochholz has practiced consumer law since 2011.

As Plaintiff demonstrated in his briefing, courts in this judicial district have repeatedly approved hourly rates of $350 and $250, respectively, for these two attorneys. These rates are also supported by the 2013-2014 United States Consumer Law Attorney Fee Survey Report (Doc. 17-4), a market survey of the fees charged by consumer law attorneys.

That said, Plaintiff requests these rates for an hour's worth of time that Mr. Giardina and Ms. Wochholz spent obtaining service of process. This work did not require expertise in consumer law and could have been done by a paralegal. Thus, the Court will award an hourly rate of only $100 for that time. *See, e.g., Finley v. Crosstown Law, LLC*, No. 8:14-CV-2541-T-30MAP, 2015 WL 2402461, at *3 (M.D. Fla. May 20, 2015) (finding hourly rate of $100 reasonable for paralegal's work).

In sum, Plaintiff reasonably incurred $2,810 in fees, which consisted of 1.1 hours at an hourly rate of $350, 9.3 hours at an hourly rate of $250, and 1 hour at an hourly rate of $100. The Court sees no reason to adjust this figure upward or downward based on the facts of this case.

**II.    Costs**

The court should award a prevailing party its costs. Fed. R. Civ. P. 54(d)(1). However, the court may only tax costs authorized by statute. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The court may tax costs enumerated in 28 U.S.C. § 1920, including fees for filing and service of process. 28 U.S.C. § 1920. The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *See Fodor v. D'Isernia*, 599 F. App'x 375, 376 (11th Cir.), *cert.*

*denied sub nom. Fodor v. E. Shipbuilding Grp.*, 136 S. Ct. 146 (2015); *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Plaintiff seeks $497.40 in litigation costs. He submitted records indicating that he incurred the following costs: (1) $400 for the filing fee, (2) $90 in service fees, and (3) $7.40 in postage. Plaintiff is entitled to recover his costs for filing and service. He is not entitled to recover for the postage. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Accordingly, the Court will award Plaintiff only $490 of the costs requested.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 17) is granted to the extent described herein. Plaintiff is entitled to recover $2,810 in fees and $490 in costs.

2. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,300.

**DONE** and **ORDERED** in Tampa, Florida, on June 8th, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record